IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-30333
Summary Calendar

BANK OF LOUISIANA

Plaintiff-Appellant

v.

SUNGARD AVAILABILITY SERVICES, LP

Defendant-Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana
USDC No. 2:07-CV-01228

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

The Bank of Louisiana appeals the grant of summary judgment for SunGard on the Bank's breach of contract claim and SunGard's counter-claim for unpaid invoices. Because the district court's decision displays no reversible error of law or fact, we affirm. The district court's opinion adequately presents its reasoning and the relevant facts, and we write here merely to amplify three points.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, the Bank of Louisiana insists that SunGard told Peggy Schaefer that she would have to ship either the missing back-up tapes or the bank's prohibitively heavy computer to SunGard's facilities in Smyrna, Georgia, and that SunGard would not provide any other assistance. If true, such an ultimatum might be evidence that SunGard breached its contract with the Bank to provide any of four different types of "Mobile Recovery Services." However, the Bank does not cite any evidence that a SunGard employee made this statement and failed to provide an affidavit claiming that this evidence exists. Instead, the Bank merely reiterates that this statement was made.

Second, the Bank argues that SunGard was contractually obliged to be "proactive" and that SunGard's failure to suggest other recovery methods constituted breach of contract. Again, as the district court noted, the Bank does not point to evidence that it asked SunGard for Mobile Recovery Services covered by the contract, but not contemplated by the bank's disaster recovery plan, nor did the Bank submit an affidavit claiming that this evidence exists.

These two assertions are not evidence, and the Bank's claims, without more, are insufficient to show genuine issues of material fact. See Douglass v. United States Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996). Because the Bank fails to cite evidence that SunGard issued the alleged ultimatum or refused to provide contractually required services, SunGard is entitled to a judgment as a matter of law that it did not breach the contract.

Finally, because SunGard is not liable for breach, the Bank did not have cause to terminate the contract. The Bank argues that the contract fails for lack of "consideration" because the Bank altered its operations, making SunGard's services unnecessary. This argument mischaracterizes as consideration a party's benefit received under a contract for services performed. It is basic contract law—including in Pennsylvania, this contract's choice of law—that consideration is a bargained for performance or return promise required at the

time of contract formation. U.S. Steel Corp. v. Unemployment Compensation Bd. of Review, 858 A.2d 91, 105-06 & n.5 (Pa. 2004) (citing Restatement 2d of Contracts § 71 (1981)). The contract between the Bank and SunGard is a valid one, and the Bank does not argue otherwise. The Bank's "consideration" argument as a justification for non-performance is therefore misplaced.

Instead, the Bank is really claiming that it was justified in withholding payment because the contract was no longer in its interest. Obviously, this is not a legal excuse for non-performance of contractual obligations. See Restatement 2d of Contracts §§ 261-72 (1981) (describing established excuses of performance). The Bank's failure to pay SunGard is therefore a breach of the contract for which the Bank was correctly required to pay damages.

AFFIRMED.